IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Derrick E. Beamon, )
    Petitioner, )
)
v. ) 1:10cv800 (TSE/IDD)
)
Gene M. Johnson, )
    Respondent. )

FILED MAY 11 2011 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Derrick E. Beamon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in the Circuit Court of Portsmouth, Virginia of possession with intent to distribute, possession of drugs within 1000 feet of a school zone, resisting arrest, and violation of probation. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Beamon was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted to file no reply. For the reasons that follow, Beamon's claims must be dismissed.

### I. Background

On July 27, 2007, a confidential informant told Detective Smith that he had observed

> ...a black male by the nickname of Dirty Bird, with a white t-shirt, black shorts, red and white Air Jordan shoes, sunglasses on his head, that was walking with a younger black male, and that was standing...at the 100 block of Wilson Parkway, here in the City of Portsmouth, in Jeffry Wilson housing complex.

See Va. Ct. App., Jan. 30, 2009, at 2, ECF No. 8-1. Information from this informant had previously led to many arrests and convictions for drugs and firearms offenses, and Smith had worked with this informant "well over a hundred times" over the course of three years. Id. The

1

informant told Smith that he had personally seen heroin in the possession of the man called Dirty Bird. Smith contacted Officer Lowe, who responded to the area with Officer B.D. Davis and Officer B.C. Davis. They saw Beamon within a block of 100 Wilson Parkway, wearing the clothing that the informant had described and standing next to a younger black male at a bus stop. Id. Beamon immediately put his hand deep into his left back pocket when the officers pulled up, which led Officer B.D. Davis to believe that Beamon was reaching for a weapon because the informant had stated that Beamon possessed a significant amount of drugs. The officers ordered Beamon to remove his hand numerous times, but he refused. Officer B.D. Davis grabbed Beamon's left arm and attempted to remove his hand from his pocket, and Officer B.C. Davis grabbed Beamon's right arm. The officers informed Beamon that he was under arrest, but Beamon continued to struggle and the men all fell to the ground. Beamon removed his hand and then appeared to place something in his waistband. The officers restrained Beamon then shook his pants, and a plastic bag containing twenty-eight capsules of heroin fell to the ground. Id.

Beamon was permitted to represent himself with standby counsel at a suppression hearing on January 23, 2008 in the Circuit Court for the City of Portsmouth, Virginia, and the court denied Beamon's motion to suppress. Beamon was convicted of possession with intent to distribute heroin, possession with intent to distribute heroin on or near school property, and resisting arrest after a bench trial on February 11, 2008, at which Beamon also represented himself with standby counsel. Commonwealth v. Beamon, Case Nos. CR07002222-01, CR07002222-02, CR07002215-01. The court sentenced him to twelve years incarceration with eight years suspended for possession with intent to distribute, six months incarceration for possession with intent to distribute on or near school property, and six months incarceration for resisting arrest. Beamon, through counsel, pursued a direct appeal to the Court of Appeals of

Virginia, arguing that (1) the trial court erred by denying the motion to suppress, (2) the evidence was insufficient to prove Beamon intended to distribute the heroin, (3) the trial court erred in allowing the detective to testify as to what the informant told him, in violation of the Sixth Amendment, and (4) the court erred in finding sufficient evidence to convict Beamon of resisting arrest. The Court of Appeals denied the petition for appeal on January 30, 2009. Beamon v. Commonwealth, R. No. 1042-08-1 (Va. Ct. App. Jan. 30, 2009). On June 15, 2009, the Supreme Court of Virginia refused Beamon's petition for appeal. Beamon v. Commonwealth, R. No. 090414 (Va. June 15, 2009).

Beamon then filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing (1) he was denied reasonably effective assistance of counsel in perfecting his appeal, (2) his due process rights were violated through information used to convict him, (3) his due process rights were violated by misidentification as a result of suggestive procedures, and (4) his rights were violated when lower court proceedings were not recorded despite Beamon's explicit request that it be done. The court dismissed the petition on April 1, 2010 and denied the petition for rehearing on June 16, 2010. Beamon v. Dir., Dep't of Corr., Case No. 092066. On July 11, 2010, Beamon filed the instant federal habeas petition,[1] claiming ineffective assistance of both trial and appellate counsel for failing to raise arguments that the search was unlawful under the Fourth Amendment, as well as ineffective assistance of trial counsel for failing to object to an unlawful Terry stop.

Respondent argues that Beamon failed to exhaust either of these claims before the Supreme Court of Virginia and that the claims would now be procedurally barred pursuant to Va.

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In the petition, Beamon states that he placed the petition in the prison mailing system on July 11, 2010.

3

Code § 8.01-654(B)(2). See Brief in Supp. at 8, ECF No. 8. Respondent explains that Beamon did not raise his current claims of ineffective assistance in his state habeas petition. Id. After respondent filed a motion to dismiss Beamon's state habeas petition, Beamon filed a "traverse" in which he argued that appellate counsel was ineffective for failing to present the Fourth Amendment argument to the Supreme Court of Virginia on direct appeal. Id. at 7. After the Supreme Court of Virginia denied Beamon's state habeas petition, Beamon filed a petition for rehearing, raising his current claims of ineffective assistance of trial counsel. Id. at 7.

Resolution of whether the claims were properly exhausted under these circumstances is unnecessary because under 28 U.S.C. § 2254(b)(2), a federal court may, in its discretion, deny a habeas corpus claim on the merits even if the petitioner failed to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir. 2003), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Because both of Beamon's claims are clearly without merit, the Court will exercise that discretion here.[1]

## II. Standard of Review

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances,

---

[1] Because it is unclear whether the Virginia courts considered the specific arguments presented in this federal petition when evaluating Beamon's claims of ineffective assistance, the claims will be reviewed de novo. See Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999) ("When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits...our review of questions of law and mixed questions of law and fact is de novo.").

4

"outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his *actual* and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

### III. Analysis

Beamon argues trial counsel provided ineffective assistance for failing to raise arguments that the search was unlawful under the Fourth Amendment. The issue of the lawfulness of the search was raised at the suppression hearing when Beamon was proceeding pro se.[1] See Tr., Cir.

---

[1] At trial, petitioner attempted to argue that the search was unlawful. Because the issue of the lawfulness of the search had been adjudicated at the suppression hearing, he was not permitted to

5

Ct, Jan. 23, 2008, at 14-15, 55-62. The Fourth Circuit has recognized that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel....'" See United States v. Singleton, 107 F.3d 1091, 1101 (4th Cir. 1997) (citing Faretta v. California, 422 U.S. 806, 835 n.46 (1975)). Therefore, Beamon's claims of ineffective assistance of trial counsel must be dismissed.

Beamon also argues appellate counsel provided ineffective assistance by failing to pursue arguments that the search was unlawful under the Fourth Amendment in the Supreme Court of Virginia. Counsel was not constitutionally obligated to appeal this issue. See Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (recognizing that the Constitution does not require appellate counsel to raise every colorable claim on appeal). Therefore, Beamon has failed to demonstrate that his appellate attorney's performance was "outside the range of professionally competent assistance." See Strickland, 466 U.S. at 690. Moreover, Beamon has failed to demonstrate that the court's decision would have been different if his attorney had pursued this argument—which had been rejected on the merits by the Court of Appeals of Virginia—to the Supreme Court of Virginia. Therefore, Beamon's claim of ineffective assistance of appellate counsel fails both the performance prong and the prejudice prong of the Strickland analysis, and this claim must be dismissed.

---

make these arguments at trial. See Tr., Cir. Ct, Feb. 11, 2008, at 14-16, 39-40 ("The motion [to suppress] has been ruled on and heard by another judge, I am not going to change that ruling."). It appears that petitioner may not fully understand that his arguments at the suppression hearing are best characterized as arguments that the search was unlawful under the Fourth Amendment, which means these issues were in fact raised in the trial court. See Tr., Cir. Ct, Jan. 23, 2008, at 60-61 ("The search was unreasonable...I'm asking you to suppress.").

## V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 11th day of May 2011.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge